265 So.2d 192

**Neal J. SHIVER**

v.

**STATE.**

**4 Div. 111.**

Court of Criminal Appeals of Alabama.

May 30, 1972.

Rehearing Denied June 27, 1972.

John B. Crawley, Troy, for appellant.

William J. Baxley, Atty. Gen., and John A. Yung, IV, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was convicted of the offense denounced by Tit. 14, § 234(4), Code of Alabama, 1940, recompiled 1958, Pocket Parts Supplement.

The State's evidence consisted of the testimony of one witness, J. H. Manning, who testified that on March 3, 1970, he was operating a grocery store on Henderson Road some six miles south of Troy when the appellant purchased from him some gasoline, groceries and other items in the grocery store, giving in payment therefor a check in the amount of $20.00 drawn in favor of the witness Manning on The First National Bank of Dozier. Manning endorsed the check to a salesman of the company from which he bought milk, who in turn apparently turned the check into his company, Foremost Dairies of the South. It further appears that the check passed through several banks, each of which stamped its identifying endorsement on the back. Also appearing on the back of the check, a photostatic copy of which is in evidence, are the words, "No account," with some other markings in handwriting which are unintelligible. Nowhere on the check does the name of The First National Bank of Dozier appear and there was no proof of actual presentment of the check by any person to that bank for payment and its refusal to honor it by payment. This was in brief the evidence offered by the State before it rested.

The appellant did not testify, nor did he offer any witness in his defense.

The case was then submitted to the jury. They found the defendant guilty but de-

clined to assess his fine and the court sentenced the appellant to three hundred and forty-five days hard labor and twenty days for the payment of the cost in the case.

The appellant filed a motion for a new trial which was overruled by the court. Several grounds of the motion raised the question of the sufficiency of the evidence to support the verdict of the jury and the action of the court in overruling appellant's objection to the introduction of the check.

Tit. 14, § 234(4) and § 234(5), Code, supra are as follows:

"§ 234(4). *Obtaining articles of value, certain personal property, wages, etc., by worthless check.*—It shall be unlawful for any person to procure any article or thing of value, or to secure possession of any personal property to which a lien has attached or for the payment of wages or salaries to make or draw or utter or deliver, with intent to defraud, any check, draft or order, for the payment of money, upon any bank, person, firm, or corporation, knowing at the time of such making, drawing, uttering, or delivering, that the maker, or drawer, has not sufficient funds in, or on deposit with, such bank, person, firm, or corporation, for the payment of such check, draft, or order, in full, and all other checks, drafts or orders upon such funds then outstanding. (1959, p. 1424, § 1, appvd. Nov. 19, 1959.)

"§ 234(5). *Prima facie evidence of intent to defraud.*—As against the maker or drawer thereof, the making, drawing, uttering or delivering of a check, draft, or order payment of which is refused by the drawee, shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in or on deposit with, such bank, person, firm or corporation. Provided, proof of payment of the amount due the holder of the check, draft, or order by the drawer after notice that such check, draft or order was not paid by the drawee shall be sufficient to overcome the presumption of prima facie evidence provided herein. (1959, p. 1425, § 2, appvd. Nov. 19, 1959; 1969, No. 762, appvd. Sept. 12, 1969.)"

The question posed in this case is whether there is any proof of the presentment and refusal to pay the check by the First National Bank of Dozier. It is true that under Tit. 14, § 234(5), supra, if there had been a refusal of the Bank to pay upon presentment, then the State would have made out a prima facie case, but under the facts above set out we are of the opinion that there is a complete failure of such proof and further a complete failure of the State to prove the elements of the offense as set out in Tit. 14, § 234(4), supra. This court cannot presume that the handwritten phrase, "No account," was placed upon the back of the check by anyone connected with The First National Bank of Dozier. We cannot indulge in a presumption in order to create a field of operation for Tit. 14, § 234(5), supra, which sets out a rule of evidence for the establishment of a prima facie case.

The court erred in overruling the motion for a new trial and the judgment in this cause is due to be reversed and the cause remanded.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and adopted by this court as its opinion.

Reversed and remanded.

All the Judges concur.